# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
       **Plaintiff,**

    v.                               **Case No. 06-CR-336**

**ELIAS PEREZ**
       **Defendant.**

## DECISION AND ORDER

The government charged defendant Elias Perez with conspiracy to distribute five kilograms or more of cocaine. The magistrate judge initially ordered defendant detained pending trial but later allowed his release on $10,000 cash and other conditions. The government appealed the release order, see 18 U.S.C. § 3145(a), which I stayed pending resolution of the government's appeal.

The district court reviews a magistrate judge's release order de novo, United States v. Portes, 786 F.2d 758, 761 (7th Cir. 1985), but need not hold a de novo hearing, see United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). In the present case, the parties have submitted their positions in writing, and neither side requests a hearing. Upon review of the entire record and the parties' submissions, I conclude that defendant must be detained pending trial.

### I. BAIL STANDARD

A defendant charged with an offense may be (1) released on personal recognizance, (2) released on conditions, (3) temporarily detained to permit revocation of conditional release or (4) detained. 18 U.S.C. §§ 3142(a) & (e). Release may be denied when there are no

conditions that will (1) reasonably assure the appearance of the defendant and (2) the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the court considers: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

If the court finds probable cause to believe that the defendant committed a drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. 3142(e). An indictment charging such an offense is sufficient to trigger the presumption. United States v. Dominguez, 783 F.2d 702, 706 n.7 (7th Cir. 1986). The presumption shifts the burden of production to the defendant to come forward with some evidence that if released he will not flee or endanger the community. Portes, 786 F.2d at 764. Even if the defendant meets this burden, the presumption remains in the case as an evidentiary finding militating against release, but the ultimate burden of persuasion rests with the government. Dominguez, 783 F.2d at 707.

When the government asserts that a defendant must be detained because he is dangerous it bears the burden of proving "by clear and convincing evidence that no condition or set of conditions will ensure the safety of the community." Portes, 786 F.2d at 764. When the government claims that a defendant must be detained as a flight risk it bears the burden of proving by a preponderance of the evidence that no conditions will reasonably assure his

2

appearance in court. Id. at 765.

## II. ANALYSIS OF STATUTORY FACTORS

**A.     Nature of Offense**

Defendant is charged with a serious drug offense involving more than five kilograms of cocaine, a crime carrying a minimum of ten years up to life in prison. The offense creates a presumption that no conditions will reasonably assure defendant's appearance and the safety of the community.

**B.     Strength of Evidence**

The government indicates that the evidence against defendant is strong and includes monitored phone calls, which the government describes in great detail in its memorandum in support of detention. (Govt.'s Mem. [R. 288] at 3-16.) The government further indicates that a cooperating witness has described defendant's illegal activities, and a search of defendant's house revealed $9415 in cash, a scale and a plastic baggie containing cocaine residue. Defendant claims that the cash recovered from his home represented the proceeds of a workers' compensation settlement, but he makes no effort to rebut or explain the contents of the recorded calls and concedes that he may have to negotiate a plea bargain in the future.

**C.     History and Characteristics of Defendant**

According to the pre-trial services report, defendant, age twenty-two, is a native of Mexico and in the United States illegally. Defendant's father and one sibling continue to reside in Mexico, but his mother and eight other siblings reside in the Waukesha, Wisconsin area. Defendant told the pre-trial services officer that he entered the United States in 1997 and has not returned to Mexico since that time. Immigration and Customs Enforcement ("ICE") has

3

been advised of defendant's presence but has not yet decided to lodge a detainer.

Defendant attended school in the United States until the 11th grade at which point he was expelled as a result of a disorderly conduct charge. Defendant is unmarried but in a relationship Tasha Ramos, with whom he has a two year old daughter. Defendant is unemployed and receiving monthly workers' compensation benefits as a result of an injury in 2003. Defendant admitted being a member of a gang but stated that he left the gang two months before his arrest in this matter. He also admitted past use of alcohol, marijuana and cocaine, but he does not appear to have serious substance abuse issues.

A record check revealed juvenile referrals for substantial battery, disorderly conduct and operating after suspension, and adult arrests for drunk driving, carrying a concealed weapon, criminal damage to property, disorderly conduct and probation violations. At the time the bond study was prepared, defendant had pending charges of criminal damage to property, disorderly conduct and bail jumping. A review of the Wisconsin court system records (CCAP) reveals that defendant pled guilty to a DC ordinance on April 19, 2007, with the other charges being dismissed.

### III. CONCLUSION

Defendant is charged with a very serious crime and the evidence against him appears to be quite strong. He faces a minimum of ten years in prison if convicted, as well as deportation to Mexico due to his undocumented status. Although he has apparently been in the United States for close to ten years, he continues to have ties to Mexico, as his father and a sibling continue to live there. These factors indicate that defendant poses a significant risk of flight. Defendant proposes to post $10,000, the proceeds of a bank loan taken out by his sister and secured by her personal savings account. However, I cannot conclude that this is

4

sufficient.  Defendant does not indicate how much of his sister's money serves as collateral, thus it is not clear what is actually at risk if defendant absconds and the bail money is forfeited.

Defendant's performance while on supervision in the community also leaves me with little confidence that he would comply with conditions of release.  The pre-trial services report indicates that he has been charged with probation violations at least twice, as well as bail jumping.  It also appears that he engaged in the drug trafficking activities that are the subject of this case while on state supervision.  Thus, I find that no conditions of release will reasonably assure the safety of the community.

**THEREFORE, IT IS ORDERED** that defendant be **DETAINED** pending trial.

Dated at Milwaukee, Wisconsin, this 17th day of August, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge